[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2010
JOHN LEY
CLERK

No. 09-15879
Non-Argument Calendar

_____

D. C. Docket No. 09-00274-CR-1-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ALMANZA-LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 17, 2010)

Before EDMONDSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Juan Almanza-Lopez appeals his above-guidelines-range sentence imposed after he pleaded guilty to illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a). No reversible error has been shown; we affirm.

Defendant, a native and citizen of Mexico, was deported to Mexico in September 1998 after he was convicted of carrying a concealed weapon. He was arrested in Cobb County, Georgia, in 2005 for a drug possession offense; he was convicted and released on probation. Defendant was again arrested in Cobb County, Georgia, in 2007 for possession of drugs, battery and being drunk in public; he was convicted and remained in custody until his conditional release in July 2008. Defendant violated his conditional release by testing positive for drugs and was taken again into custody. In April 2009, Defendant admitted to an Immigration and Customs Enforcement officer that he had been removed from the United States and had reentered illegally. Defendant's guideline imprisonment range was 9 to 15 months; the sentencing court imposed a sentence of 16 months' imprisonment to be followed by a one-year term of supervised release.[1]

---

[1]Defendant speaks of his sentence as 18 months. The district court imposed a sentence of 16 months after it applied a two-month credit for time Defendant was in civil detention before being brought into federal custody.

Defendant argues on appeal that his sentence was substantively unreasonable: the above-guidelines sentence imposed was not justified in the light of the factors set out in 8 U.S.C. § 3553(a)(2).[2]  Defendant maintains that his is a "cookie-cutter" case supporting no upward variance, that the district court focused excessively on Defendant's criminal record, and that it wrongly emphasized only the public safety factors listed in section 3553(a)(2).

Before imposing the 15-month sentence, the district court said:

> The court has considered the guidelines in this case.... [Y]ou come before this court presenting a most unattractive picture.... You did not get credit for a lot of the convictions that appear with your name early on.  You either are or were a member of two different gangs.  You are involved with firearms and drugs.
> ...
> [Y]ou have taken every opportunity in this country while you have been here and have decided to be a drug dealer and to deal with firearms and not provide by the order of the court that put you on probation, parole, or what have you.  There is no reason for me to be lenient with you.
> ...
> If the maximum sentence in this case was greater, I would have given him a bigger sentence....

Appellate review of the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- is under an abuse-of-discretion standard.

---

[2]Defendant frames the issue repeatedly as a challenge to the substantive reasonableness of the sentence imposed.  In one sentence of his brief, Defendant asserts that the sentence was procedurally unreasonable; but he fails to advance a basis for a procedural reasonableness challenge.  We consider only the substantive reasonableness challenge.

3

Gall v. United States, 128 S.Ct. 586, 597 (2007). This review is deferential. As Gall explains, an appellate court reviewing a sentence for reasonableness must take into account the totality of the circumstances. No presumption of unreasonableness applies to an outside-guidelines-range sentence. Id. The extent of deviation, along with the other circumstances, may be considered; but due deference must be accorded the district court's decision that the section 3553(a) factors justify the extent of the variance. Id. And it is the appellant who bears the burden of establishing the absence of reasonableness in the light of the record and the section 3553(a) factors. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir 2008), citing United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The district court must evaluate all of the section 3553(a) factors when arriving at a sentence, but it is under no obligation to detail for the record its consideration of each of these individual factors. United States v. Scott, 426 F.3d 1324, 1329 (2005). And in the course of its consideration, the district court is permitted to attach "great weight" to one factor over others, see Gall, 128 S.Ct. at 600. Among the section 3553(a) factors that must be considered in crafting a reasonable sentence are the need to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. See 18 U.S.C. §

4

3553(a).  The district court determined that these factors warranted the upward-variant sentence imposed.[3]  That Defendant takes issue -- or even if we were to take issue -- with the weight that the district court gave to the section 3553(a) factors, without more, supports no reversal.  See Gall, 128 S.Ct. at 597.

Defendant has failed to carry his burden of establishing that his sentence was substantively unreasonable.  Under an abuse of discretion standard of review, we cannot say that the 16-month sentence imposed (or the 18-month sentence as Defendant prefers to characterize it) -- albeit somewhat above the 9-to-15-month guideline range -- was substantively unreasonable in the totality of the circumstances.

AFFIRMED.

---

[3]Defendant's argument to the contrary notwithstanding, the district court may consider facts that have already been taken into account in calculating the defendant's guideline range. See United States v. Williams, 526 F.3d 1312, 1323-24 (11th Cir. 2008) (district court could consider defendant's prior offenses in deciding to impose an upward variance even though those offenses were already included in defendant's criminal history score.).